# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 24, 2026

| | | |
|---|---|---|
| TYRONE WILLIAM MAHAN, Petitioner, | * | PUBLISHED |
| | * | No. 22-880V |
| v. | * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Interim Attorneys' Fees and Costs. |

Pro se, Carson City, MI, for Petitioner.
Jeffrey Napoleon Poulin, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 10, 2022, Tyrone William Mahan ("Petitioner") filed a petition, pro se, for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program,"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that he sustained a shoulder injury related to vaccine administration ("SIRVA") "within (24) twenty-four hours" of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination he received on August 5, 2019. Petition at 2-3 (ECF No. 1). In the alternative, Petitioner alleged he suffered from a Guillain-Barré Syndrome ("GBS") Table injury. Id. at 1. Lastly, Petitioner alleged he suffered complex regional pain

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

syndrome ("CRPS") caused by "mechanical trauma due to intramuscular injection[]" of the Tdap vaccination administered on August 5, 2019. Id.

On January 8, 2024, Mr. Daniel Pfeifer filed a consented motion to substitute as attorney of record, which was granted that same day.

On November 13, 2025, Petitioner submitted a letter and a request to remove Mr. Pfeifer as his attorney and to proceed pro se. Order dated Nov. 18, 2025, at 1 (ECF No. 81). On November 14, 2025, Mr. Pfeifer filed a response indicating he did not object to the substitution of counsel and requesting to be withdrawn as counsel of record. Id. Petitioner's request to proceed pro se was granted, and Mr. Pfeifer was withdrawn as counsel. Id. at 2.

On March 13, 2026, Mr. Pfeifer filed a motion for attorneys' fees and costs, requesting compensation for the attorneys who worked on this case. Petitioner's Petition for Fees and Costs ("Pet. Mot."), dated Mar. 13, 2026 (ECF No. 86). The motion requested $11,555.00 in fees and $11,524.89 in costs, for a total of $23,079.89. Id. at 1. Respondent filed his response on March 23, 2026, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. Response to Pet. Mot. ("Resp. Response"), filed Mar. 23, 2026, at 2 (ECF No. 88). Petitioner filed a reply, indicating he had no further response. Pet. Reply to Resp. Response, filed Mar. 31, 2026 (ECF No. 89).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$22,212.87** in interim attorneys' fees and costs.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and on a reasonable basis. In making this finding, the undersigned notes that this may not be true for future representation in this matter. Moreover, the undersigned finds that an award of attorneys' fees and costs is appropriate here where counsel is no longer the counsel of record.

### A. Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by the Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

#### 1. Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter.

| **Daniel Pfeifer – Attorney** | **Peter Hamann – Attorney** | **Paralegal** |
|---|---|---|
| 2024-2025: $550.00 | 2024-2025: $375.00 | 2023-2025: $200.00 |

The undersigned finds the 2024 rates for Mr. Pfeifer and Mr. Hamann reasonable and in accordance with what they have previously been awarded for their Vaccine Program work. See Taylor v. Sec'y of Health & Hum. Servs., No. 22-1414V, 2025 WL 1491239, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025). Additionally, the undersigned finds their 2025 proposed rates reasonable and will award them in full.

However, a reduction to the paralegal rates is necessary. The requested rate of $200.00 exceeds what was permitted for paralegals in 2023 and 2024.[3] As such, and in accordance the forum rates for paralegals in 2023 and 2024, the undersigned finds a rate of $170.00 per hour for

[3] For the OSM Attorney's Forum Hourly Rate Fee Schedules since 2015, see https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

work performed in 2023[4] and $185.00 per hour for work performed in 2024 to be reasonable and appropriate. This results in a reduction of **$304.50**.[5] The undersigned finds a rate of $200.00 per hour for work performed in 2025 reasonable and in accordance with the forum rates for 2025, and will thus grant this rate for work performed in 2025.

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

The undersigned finds the time billed in this matter requires reduction for the following reasons.

First, there are numerous entries where Mr. Pfeifer, Mr. Hamann, and their paralegal billed for the same tasks on the same days, and these entries, which are vague and lack detail, appear to be duplicative, requiring reduction. See, e.g., Young v. Sec'y of Health & Hum. Servs., No. 16-602V, 2017 WL 7360354, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2017) (reducing a fee award for duplicative work performed by both the attorney and a paralegal). For example, eight of the 11 billing entries from Mr. Hamann were also billed by Mr. Pfeifer and/or their paralegal.[6] Additionally, Mr. Pfeifer, Mr. Hamann, and their paralegal billed for "meeting" on October 8, 2024.

Because all billing entries are vague and lack detail, it impossible to discern whether these entries (e.g., "review filings," "case review," "demand review," "settlement offer," "meeting," etc.) were in fact different from one another and not duplicative. "It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell, 18 Cl. Ct. at 760); see also Broekelschen, 102 Fed. Cl. at 729.

---

[4] This rate was also awarded for paralegal work in 2023 in a prior case from counsel. See Demoss v. Sec'y of Health & Hum. Servs., No. 22-655V, 2024 WL 4449510, at *2 (Fed. Cl. Spec. Mstr. Sept. 9, 2024).

[5] (($200.00 - $170.00) x 0.3 hours) + (($200.00 - $185.00) x 19.7 hours) = $304.50.

[6] See entries on March 26, 2024; June 24, 2024; July 24, 2024; August 22, 2024 (only one entry from this date); October 8, 2024 (only one entry from this date); November 12, 2024; November 21, 2024; and October 24, 2025.

Additionally, the paralegal billed for non-compensable tasks, including filing documents, retrieving PACER documents, processing invoices, printing documents, and preparing documents for experts. It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus non-compensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and non-compensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same). Filing exhibits are also considered administrative tasks. See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen, 102 Fed. Cl. at 729. It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided. Abbott v. Sec'y of Health & Hum. Servs., 135 Fed. Cl. 107,111 (2017). Special masters need not explain how many hours are appropriate. Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 702 (2016). "It would be unreasonable, however, to expect the Special Master to explain how each individual entry affected [her] final calculation, as in conducting fee determinations tribunals 'need not, and indeed should not, become green-eyeshade accountants.'" Abbott, 135 Fed. Cl. at 112 (quoting Fox, 563 U.S. at 838).

The undersigned finds a reduction of attorneys' fees by 5% reasonable and appropriate. This results in a further reduction of **$562.52**.[7]

### B. Attorneys' Costs

Petitioner also requests $11,524.89 in costs for obtaining medical records and an expert report. Petitioner has provided adequate documentation supporting these costs and the undersigned will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner's former counsel as follows:

---

[7] ($11,555.00 - $304.50) x 0.05 = $562.525. The undersigned rounded down.

| | |
|---|---|
| Requested Attorneys' Fees: | $11,555.00 |
| Reduction of Attorneys' Fees: | - ($867.02) |
| Awarded Attorneys' Fees: | $10,687.98 |
| | |
| Requested Attorneys' Costs: | $11,524.89 |
| Reduction of Attorneys' Costs: | - ($0.00) |
| Awarded Attorneys' Costs: | $11,524.89 |
| | |
| **Total Attorneys' Fees and Costs:** | **$22,212.87** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $22,212.87, to be paid through an ACH deposit to Petitioner's former counsel, Mr. Daniel Pfeifer's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[8] The Clerk is also directed to serve this Decision on prior counsel, Mr. Pfeifer.

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.